May it please the Court and Counsel, I'm Rob Markfield and I represent Defendant Appellant Xavier Edgecombe in this matter. I would like to address, as plain error under the second prong, the Court's failure to provide the jury with requested clarification on this. Let me ask you a question. Was the error of the defendant's absence compounded by an error in the jury instructions? Oh, yes. This is not simply a right of presence case. This argument crucially depends on the failure of the Court to properly offer the clarification to the jury as it requested. To state my argument, in the form of an equation, violation of a defendant's right of presence plus an improper response to a jury note equals... Well, isn't it true that the trial court failed to follow the committee's notes in delivering the jury instructions? Yes, Your Honor. I believe so and also failed to follow the Supreme Court in Childs, which clearly says trial court has an obligation to seek clarification of the source of the jury's confusion if the question is unclear and then to attempt to clarify the matters of law about which the jury has manifested confusion. In other words, two steps, inquire, clarify. The Court did neither. The Court did not inquire into the source of the jury's confusion and the Court did not offer clarification as the jury requested. Well, how do we know any of this because we don't have the record of the... Did you ever seek to get a transcript? Was there a court reporter when the note was discussed? Normally, that's kind of the procedure. Yes, we... I don't know. But normally, the court reporter is pretty much on call during, you know, notes if they have one. I was just curious. Yes, we tried very hard to get that and couldn't. But in this case... Do we know one way or the other whether there was a transcript or not? As I recall... There wasn't? There wasn't. But there was some later discussion at the motion for a new trial? Yes, Your Honor. In the motion for a new trial, defendant raised ineffective assistance of counsel. Counsel was appointed and counsel said all of this. All right. So let me ask you this. So at the motion for a new trial, I think another lawyer was appointed, Ron Draper? Yes, Your Honor. And Mr. Draper brought up the idea that the... I think it was maybe public defender representing him. I'm not sure. But brought up the idea that the trial lawyer had been ineffective for having the judge rule on the note without the defendant being physically present? Yes, Your Honor. And at the note discussion, there was the defense attorney present, the judge, and the state's attorney. We just don't know if the court reporter was present. At the original hearing on the note? Yes. Well, the defendant wasn't present, but, yes, counsel was. All right. So by the time this case got to the appellate court, the motion for the new trial, I'm pretty sure it's required by rule to be included in the appellate record. Yes, Your Honor. And at that time, this motion indicated that the lawyer was ineffective for not having the defendant be present at that hearing on the note. Okay. So then it comes up on appeal, direct appeal. And your office represents Edgecombe. That's true. And in the direct appeal, the lawyer for your office did raise an issue of ineffective assistance of counsel, not for the note, but for failure to give an involuntary and a reckless conduct instruction. Yes, Your Honor. And then this court, on appeal, said that the defendant could not establish prejudice under either prong, that giving the instruction wouldn't have made a difference, but under the prejudice prong, the defendant would not be able to establish that the outcome would have been any different. That's true, Your Honor. Now, so wasn't this a viable issue to present on direct appeal? Had your office thought, or the lawyer handling it, had that lawyer thought that this was a viable issue? Yes, Your Honor. And isn't an appellate lawyer not required to brief every conceivable issue?  All right. Now, I have one other question, and then I'll let you go. I'll let you speak. But is there a conflict now because you're saying your office was ineffective at the time of the direct appeal? No, Your Honor. And this goes to the strange procedural posture of the case. Originally, this case was a post-conviction petition,  defendant's argument. But unusually, this case comes back after resentencing as a direct appeal. I mean, that was clearly the case. Well, that's certainly something we're going to have to decide, whether this is a direct appeal because it was remanded for resentencing, or if this is a continuation of the post-conviction petition. Our theory is that this is a direct appeal. Yes, Your Honor. Does that make a difference, though, at the end of the day, whether we consider this under a harmless error rule or whether we consider it under a prejudice prong? I think because this is now a direct appeal case, ineffective assistance of appellate counsel no longer features into it. We've sort of, in the vernacular, moved back in time to the direct appeal stage. And so this case, I believe, can be considered, up or down, as plain error. This is now a direct appeal. At least that's our theory, and that's, I think, a fair reading of paragraph 31 of this Court's original published decision. All right. Let me ask you this question. If we do not consider this to be a direct appeal, do you want us to consider your first set of briefs previously submitted in the post-conviction appeal? Yes, Your Honor. And I believe I made that request in my reply brief. Well, then why wouldn't it be a post-conviction appeal? I just believe that, well, this paragraph 31 indicates that the defendant has the right to a direct appeal simply because judgment is not final until sentence. And on post-conviction, the case was remanded for resentencing. So he was resentenced, and now this case is a direct appeal. I believe that more, I mean, even if that's not established law, I think yet, I think it is also the law of the case, paragraph 31. The defendant followed the dictates of paragraph 31, and that's how his counsel read it in adopting the defendant's motion for a new trial, and that's how the court read it in ruling on the motion for a new trial. And now this case arises on appeal from the denial of the motion for a new trial. It is, I believe, a direct appeal case. All right. Well, then how does he show prejudice? I would say, first of all, we're arguing this under second prong, under which prejudice is unnecessary. Oh, substantial right? Yes, substantial right. Well, you know, there's only really six that the courts, certainly the Illinois Supreme Court has delineated, and I don't believe it's the right to presence. I think that is true, Your Honor, and that is why I say right to presence is not enough. Right to presence plus something more and inadequate equals denial of a fair trial. We're no longer in simply right of presence because of this extra, because of the incorrect and prejudicial jury instruction. Well, can I ask you this? Yes, Your Honor. In terms of the IPI, the court gave the IPI instruction. Yes, Your Honor. And the defendant, well, the position here is that if he had been present, the defendant, then he would have, he, not his lawyer, would have suggested something to put mitigating factor into some kind of basic lay person language so that the jury would be able to, you know, attack this problem. Or simply dodged his counsel and said, please make an objection. The jury is confused. Well, but what kind of, I mean, the IPI is supposed to be simple kind of plain direct language, and what kind of language would tell them any more? Well, it says, you know, what the mitigating factor is, is that he had the belief that he could use the right self-defense or to defend himself, but his belief was unreasonable. Yes, Your Honor. In other words, he was using a rifle, he shot it multiple times, and his, you know, that wasn't reasonable since several witnesses testified at trial that no one had a gun out there. He did testify at the trial that he thought that one of the people on the street was reaching for a gun. But remember now, this is a car. He's in a car traveling such that the jury rejected the idea that his belief was unreasonable. May have rejected it. Yeah, but the trial court failed to follow the committee notes here in delivering those jury instructions by failing to define a reasonable belief and the need for self-defense side-by-side with the definition of an unreasonable belief. Isn't that what this is all about? I believe that that is what this is all about. Where did you put that in your brief? I'm not aware of any issue regarding some side-by-side reading, nor am I aware of any case that's ever suggested putting them side-by-side. I don't know. But did you have any? I did not. What I relied on in my brief for the same proposition is Childs, the Supreme Court case of Childs, which says two steps, inquire into the source of jury's confusion. Sure. Inquire and clarify. Childs, number one, was a case where the judge apparently was eating at a restaurant. Yes, Your Honor. Told the sheriff to respond to a note. Didn't consult anyone. The defense lawyer was never contacted. The state's attorney was never contacted. The defendant, obviously, wasn't contacted. And in that case, correct me if I'm wrong, the jury basically had a question whether or not if they found him guilty, Childs, of armed robbery, they had to also find him guilty of murder. That is true. It is true that Childs arose as an ex parte case, and this is right of presence. But the focus on Childs is whether the jury was correctly instructed, whether its confusion was allayed. And there we have an analogy to this case. And Childs sets forth a framework for dealing with this. Of course it does. But Childs has two major distinguishing factors from this case. Nobody was present. The judge acted on his own without even consulting the defense attorney. And we have a serious issue about whether or not the jury, they needed to know, if we find him guilty of armed robbery, do we still have to find him guilty of murder? Unlike this case where the jury sends out a note and says, hey, can we have a little clarification about mitigating factor? I mean, there is a big difference. Perhaps. I mean, as to the second. Especially when there is no other IPI. The IPIs that were given were the standard IPI. And Childs, I believe, says that a jury that's correctly, even a jury that receives correct instructions, if they're confused, the judge, yes. Absolutely. Absolutely. I agree with that. And I do not, on the second, I do not really, I agree that in a way, the question is Childs was sharper, more refined, clearer. But here, I mean, it is just as prejudicial and just as dangerous to the concept of a fair trial that the jury simply did not understand, did not understand the definition of the defendant's best defense. And I don't think that this was just sort of a cavalier request for clarification. They sent back, in addition to their request, a copy of the IPI, boxed and underlined. And crucially, the portion that they underlined and boxed was just more or less the heart of the instruction, believed the circumstances to be such. Yeah. Is there an IPI that defines unreasonable? I do not believe so. No. And it's long been held, has it not, that we never, ever tamper with reasonable doubt, do we? No, Your Honor. We never, never try to tell a jury what reasonable means. But in this case, we try to tell them what unreasonable means or what mitigating means. Well, what mitigating means, because that's what they requested. But if you look at the language they underlined, my big concern is that the jury did not understand that this was a subjective standard, his belief that such circumstances existed. Maybe that's the phrase that frightens me. Did they understand that this was a subjective standard? They were required to get into his head, essentially, and decide what he was perceiving unreasonably at the time of the incident. I mean, if they misunderstood that, then the defendant surely didn't get a fair consideration of his second-degree defense. And I think it's easy to forget that these concepts and this language may be child's play to lawyers and even to very educated people. But, you know, this is a jury of laypersons, and we did not know. We do not know what they know. We know for a fact that they were confused. And we can infer based on the box and underlying data. What would be this suggestive language? Do you think that anyone was going to suggest to this jury something besides the IPI that they had already been given? I think the first step, most crucially, was the inquiry. Because this was a very general request, although with underlining and boxing, the court should have just conducted an inquiry. Will you be a little bit more specific, jury, about what exactly is confusing to you? A little bit more specific. And the answer to that inquiry could have guided the result of the clarification offered. Now, the jury, the judge could have said, perhaps, do you understand that this is, you've just taken the language and put it in simpler terms and asked whether they understand it. Do you understand that you have to decide what Edgecombe's belief is? That you are required to get into his head that it is Edgecombe's belief, not your own belief, as in some of the other jury instructions, and not reasonable doubt. It is what Edgecombe believed and what he believed more likely than not. So just, in a way, inquire with the judge. Well, isn't the instruction actually written in terms of his belief? Because it says his belief is unreasonable, as opposed to the reasonable person standard or something else. But his belief is unreasonable, not somebody else's. Everything that I'm saying about clarification is there in the instruction. My concern is that it is a complex, multi-clause instruction. It uses, for lack of a better term, lawyerly language, perhaps. Yes, IPM's instructions are assumed to be clear, but I really do believe that a fair reading of this instruction is, would yield a conclusion that it's more complicated, more complex than the norm. And I'm not asking for a ruling that this instruction is unclear by law, simply that this jury did not understand it. For whatever reason, they didn't understand it. They tried to. They underlined it and boxed it. You know, they were clearly struggling with the language, but they didn't understand. Well, on a second-stage hearing, then, what actually are you proposing? How would we even go back and inquire? How would the Court inquire about whether this jury didn't understand, based on this record? I think that a simple no to the jury. Your question is very general. Will you be a little bit more specific as to what exactly is confusing you? And maybe, and I think, I don't know, but maybe that inquiry would have yielded valuable information that could be used to craft the response later on, sort of the second part of Childs, the second stage, after inquiry clarification. No, but I was trying to understand, Mr. Markfield, how, if there were a second stage, how would judge, how would there be a hearing on this idea of whether a jury was confused? A second stage of a post-conviction? Yes, yes. I'm assuming it's second stage post-conviction, but whatever. I'm just saying, you know, if there were, I'm not understanding. I guess she wants to know, how would it make any difference? How it would make any difference as to? I'm not sure how you would conduct this hearing, but I don't understand prejudice. I don't understand how you can show that, in this case, the outcome would have been different, and here is why. You have approximately four witnesses. Yes, Your Honor. Maybe I'm wrong. Maybe it's three. You've got his girlfriend, and you've got two other gentlemen who testified at the trial, one that helped him get the gun and another gentleman, and every one of those people said nobody had a gun out there except for the defendant. Then you have the testimony of the defendant who said he thought that one of the people he was shooting at, or he ended up shooting at, eventually, or he thought at the time, was going to pull out, was pulling out a weapon. So I don't see how you show prejudice under the facts with all the testimony presented. Well, again, it is his belief, and maybe his belief was delusional. Maybe he was under stress and fantasized somebody who was about to shoot him. But if his belief was sincere and the jury believed that, not by, like, beyond a reasonable doubt, but just by a preponderance, his own mental state, delusional perhaps, was such that he believed that deadly force was about to be used against him, then that's second degree. And I think his testimony is enough, plus some surrounding circumstances. The fact that he and his girlfriend. To change the outcome? I think so. Just to change the outcome from first to second degree murder. His belief. If he was in this stressed out and delusional state of mind that he was about to be attacked, that there was this figure. Well, and they did hear everything that happened the night before, didn't they? They heard it. So they rejected it. They basically said, well, you know what, yeah, you were in a fight. There were some blows exchanged. But the next day, you can't go back. Get the gun beforehand, which he did. Yes, Your Honor. Got the rifle, the .22, before they went to the location. So the jury kind of rejected the idea that this was just we're going back to settle things up in a kind of combat that was mainly or just to be physical. They rejected that. How do we know that they rejected it when they're confused? Yes, Your Honor, that's exactly what I was going to say. I mean, this is a first stage. This is not a second stage. This is not a third stage. If considered as a post-conviction, this is a first stage. Let me ask you this. The trial court dismissed the post-conviction petition as frivolous based on a factual error, didn't they? Namely, the trial court thought that the proceedings had been on the record. Yes, Your Honor. I believe so. Isn't that factual error by itself enough for us to find that the trial court erred in dismissing the post-conviction petition as frivolous? Yes, Your Honor. Well, don't you have to meet that initial threshold about substantial constitutional right stating the gist? I mean, because we don't even know that this wasn't on the record, but apparently it was had in open court as testified to or argued at the motion for a new trial. There was a hearing. The lawyer was present. The state was present. The judge was present. I'm not aware of anything that says that's a denial of a substantial constitutional right. Because a court reporter wasn't there? Well, maybe there was a court reporter. I really don't know. The central fact here is that the jury was confused about the very definition of his best defense. Because they sent out a note. Yes, because they sent out a note and because no clarification was offered as the Supreme Court commands. No inquiry, no clarification. And we keep forgetting about the rights of the defendant to be present at all stages. Oh, yes, Your Honor. Now, right of presence. Well, actually, right of presence is not without limits. It's not necessarily a constitutional violation unless that absence at that time results in a substantial denial of a right. Isn't that true? That is true. Right of presence is not an express constitutional right. But that and something more equals violation of due process. And I believe that something more is the failure of the court to clarify the instructions as requested to follow the mandates of child inquiry clarification. We don't know and what we do know is that the jury was confused. And we can infer that they struggled with this instruction. It was boxed and underlined. We know that the court failed to follow the dictates of childs. Well, boxing and underlining only indicates what they're asking for a focus or clarification on, I guess. I don't know. I'm not sure. It could, but I do think that it's fair to also say, yes. Courts have to, you know, give an instruction or further, other than, you know, in this case, the judge said, continue your deliberations. I can't further define this. Yes, Your Honor. When is that appropriate? When it's appropriate when the instruction is so clear that no further instructions would be helpful. In this case, I do believe that this was a more complicated instruction than the norm. And the language about which the jury was confused went to the very heart of the case as best defense. That plus right of presence equals, I believe, a constitutional violation in the first stage. Everything assumed to be true. Okay. Why don't you save some time for rebuttal? Thank you, Your Honor. Good morning, Your Honors. May it please the Court. Assistant State's Attorney, Carlos Vera, on behalf of the people of the State of Illinois. Your Honors, it is our position that the defendant's claim is at its core post-conviction matter. And we respectfully submit that this Court address it as such. However, regardless of what determination this Court ultimately takes concerning the procedural posture of the defendant, the result is ultimately the same. The defendant's underlying substantive legal claim simply lacks merit. The defendant cannot establish that he was deprived of any constitutional right by his absence in this case when the Court communicated with the deliberating jury. Whether the defendant's attorney was present during this communication, the defendant's attorney did not object to the Court's response, but acceded to it. And the Court's response- And how do we know that? Well, Your Honor, in this case where it is an appeal, the only information that we have is basis noted from the original post-trial motion that was filed where the defendant was represented by his appointed counsel on the ineffective assistance claim and stated that their review of the record established this. And the defendant- Does the direct appeal, is there a transcript of the motion for a new trial where Mr. Draper is appearing on behalf of Mr. Edgecomb? For the motion, yes, there is, Your Honor. And is it at that point that there's some discussion about what the defense attorney said at this hearing on the note? Yes, Your Honor. Mr. Draper, defendant's appointed counsel, states that from their review of the record and the information that they had that the defendant's attorney was present, the state's attorney was present, but the defendant himself was not present. And so did Mr. Draper argue that the lawyer should have ensured that the defendant was present at that hearing? I believe he did make that claim, but to be sure, Your Honor, looking back at the actual post-trial motion and the argument, it appeared to me that he was arguing trial error and not, in fact, arguing ineffective assistance of counsel in this claim when it was argued during that post-trial motion. Well, then how did it come up in the post-trial motion? It was brought up in the post-trial motion as trial error. The defendant, through Mr. Draper, was arguing that the trial court itself committed error by responding to the jury note and now it's out of the defendant's presence. Okay. So then it went up on appeal. Yes. When it went up on appeal, the direct appeal, 062571, the arguments were made that the trial lawyer was ineffective. Your Honor, it was my understanding that on direct appeal, oh, yes, direct appeal initially, yes, trial court was, the trial attorney was ineffective for failing to raise certain defenses. Okay. So that appellate lawyer made a specific strategic decision to raise ineffective assistance of counsel. Yes. Now, but he chose not to raise the issue that the lawyer was ineffective for not ensuring that the defendant was present. That's correct. He did not raise that issue and he did not raise any issue of trial error. But it was clearly on the record for purposes of the first direct appeal. Yes, Your Honor. And is there a position by failing to raise that issue, the defendant in fact forfeited the issue at any point now in this case? Well, here, the proceedings concerning the jury note were not on the record. The actual proceedings, I'm not sure which proceedings you're talking about, Your Honor. I'm talking about the issue here on the jury note. When the court actually responded to the jury note? Right. Yes, there was no court reporter in that case, or at least without it. I'm not sure, Your Honor. It is the defendant. As the appellant, the appellant has to have a clear record. I mean, we don't even know if the defense counsel objected to the defendant's absence, do we? We don't know that. There's no way of knowing that, but that would be the appellant's burden. I mean, if he did object, then that would preserve the issue for appeal right there and there. Speaking of hypotheticals, yes, it would preserve it. Well, it was preserved either way because it was raised in front of the trial judge. Ron Draper raised that very issue. In the post-trial motion, yes. But for purposes of preservation for plain error, we assume. So why wasn't the appellant lawyer ineffective for not raising this issue on direct appeal? Because, Your Honor, the appellant lawyer is provided with the – he's not ineffective for simply raising some issues on appeal and not others, and he is provided with the presumption that he is giving competent representation. In this case, the issue concerning the jury note simply lacked any merit. It would not have succeeded on appeal. So it really brings us back to the underlying question, the underlying substantive legal claim that the defendant raises, whether he was deprived of any constitutional right or suffered any prejudice by his absence during this response. And under the Illinois court's rulings and people v. McDonald and people v. McLaren, those cases are instructive in the answer that he simply is not. Well, I'd like to know, how is he prejudiced if his lawyer is there but he's not there? What would it have been? What would have made the difference? Precisely, Your Honor. It is our position that he was not prejudiced. The fact that his lawyer was there is really an important fact, particularly under the reasoning of McLaren. McLaren noted that that distinction between McLaren and the facts of Childs was crucial. Because when you're thinking of the right of presence, and we know that it's not a constitutional right itself but a derivative right that simply serves as a means for securing other underlying substantial rights, in the case of Childs where neither the defendant nor his attorney were present in the communication, there is a substantive, substantial right implicated, such as the right of assistance of counsel during a proceeding. Or where the case is that the court responds to a deliberating jury without the defendant's counsel present, that also implicates potentially an impartial jury, the right to an impartial jury where that can be considered an ex parte communication. What is the other case after Childs where the defendant was representing himself pro se and the judge decided how to respond by advising the standby counsel? Which one is that? I believe that is People v. McDonnell, Your Honor. Is there any case that you're aware of where the court has held that where the defendant's lawyer is present but he is not present, that that's an allegation of a substantial denial of a constitutional right? In the context of corresponding with a deliberating jury, not one case, Your Honor. And that's precisely our point. Why under any standard of review, be it post-conviction or as the defendant is now serving plain trial error, the defendant's claim simply is undisputedly meritless. The fact that his attorney was there is a crucial fact in this analysis. But then going forward, even cases like McDonnell where the court did find some form of error where the court responded to a jury note and the defendant was not, nor his attorney were present where he was representing himself pro se, the defendant would still have to establish prejudice. Well, in this case, isn't there a suggestion that the jury was confused? They sent out a note. Well, the note specifically only asked for clarification on the definition of the term mitigating factor. And in this case, mitigating factor was defined. What exactly did the note say? The note specifically said, Your Honors, can we get someone to give us some clarity around mitigating factor in quotation? We find the language in the instructions to be confusing. See underlying portion of instructions. It then provided one of the Illinois pattern jury instructions defining mitigating factor. The jury was actually provided with two, which essentially said the same thing in an underlying portion. And I can read that instruction to you. Yeah, what's the other one? I'm sorry? Read it. Read it. It says, By this I mean that you must be persuaded, considering all the evidence in this case, that it is more probably true than not true that the following mitigating factor is present, that the defendant, at the time he performed the acts which caused the death of Jerome Anderson, believed the circumstances to be such that they justified the deadly force he used, but his belief that such circumstances existed was unreasonable. And it was that last part that was underlined. Well, isn't it? Okay. Are there two instructions that they were given as far as the mitigating factor? Yes. The other one was also a pattern jury instruction which read, A mitigating factor exists so as to reduce the offense of first degree murder to the lesser offense of second degree murder if at the time of the killing the defendant believes that the circumstances exist which would justify the deadly force he uses, but his belief that such circumstances exist is unreasonable. Yeah, but the only thing that was underlined was the word unreasonable. Isn't that true? That's not correct, Your Honor. It was the entire last sentence that stated this is the portion that was underlined. The word unreasonable, the problem here, and that would, of course, only affect the murder conviction. Well, Your Honor, at no point has the defendant even asserted that unreasonable was the real problem of this case. But the fact that this entire sentence was underlined and the simple statement that the jury might have been confused is basically what the defendant is saying is a source of prejudice. Well, maybe they hadn't even read the other instruction yet. Isn't it possible they were parsing through and picking out and then all of a sudden they send out one but they don't send out the other? Maybe they hadn't even read the other one yet. I guess we could speculate on anything. Indeed, Your Honor. What we have to find out, though, is how, if he were standing there when the judge was given this question, whether his presence somehow made a difference one way or the other. Right, Your Honor. And under the Supreme Court's ruling in McLaren, in a case like this where the defendant's attorney was present and did not object, the burden of establishing this prejudice would be on the defendant. We can't leave it up to conjecture. The defendant would have to come up, come forward, be it at a second stage hearing on post-conviction matter or even now before the court if it's trial court airplane review, to establish that there was some sort of prejudice. It cannot be based on conjecture. Well, what is that second prong, that there's a reasonable probability that the outcome would have been different? Well, Your Honor, that's correct. And before we even get to second prong, I would just like the court to take notice that the defendant did not, in fact, cite second prong plain error analysis in his brief, but specifically argued first prong analysis. And it would be improper, therefore, to argue that before the court now. But even under second prong analysis, it doesn't fall under structural error, which this Court has recognized. There's only really six potential structural errors that qualify for second prong plain error analysis where you can't establish prejudice. And additionally, Your Honor, the claim is just it lacks merit where the defendant cannot establish any deprivation of any substantive right. It brings us back to the right of presence. The right of presence is not a constitutional right in itself. It is a derivative right. It has been described by our Supreme Court as a lesser right that simply serves as a means for securing underlying substantial rights. And based on the facts of this case, Your Honor, there is no indication that the defendant was deprived of any substantial right. Well, if the jury was confused and returned a verdict based on their confusion, is that the denial of a substantial right? No, Your Honor. People who have caught McDonald and other Supreme Court decision was factually analogous to this case. Is that the death penalty case when the court was – when the jury wanted to know about a mitigating factor? Yes, Your Honor. I'm not sure I agree with your analogy. Why is it analogous? A mitigating factor under the previous death penalty statute isn't the same as the mitigating factor used in the second-degree murder statute. There are different instructions, and then the only argument that the defendant raises is essentially that the definition of mitigating factors that was presented in this case is more confusing than the mitigating factor definition in that case. But there's no law supporting that that should be the basis for finding prejudice or constitutional deprivation. As this Court knows, the Illinois pattern jury instructions, which were provided to the jury, were painstakingly drafted using simple and concise language to state the law. Yeah, but also the committee notes here weren't followed. Your Honor, there's been no discussion of the committee notes in any of the briefings at any point where the defendant raised this issue before the court in any of the post-trial motions. Your Honor, and respectfully, under P.V. Givens, the appellate court should not raise issues that have not been raised by the defendant. The defendant has not argued the committee notes, and the way it's been briefed is that the defendant's argument, and the way that we understand it, is simply that the definition of mitigating factor itself is confusing. Well, you're telling me that it's not prejudicial if a jury is confused on a murder case when there's a defense of self-defense, and the jury's confused, and that's not prejudiced? Your Honor, not when it's seeking a simple definition of the Illinois pattern jury instructions, of a term that's defined by Illinois pattern jury instructions. The court's response in this case, which the defendant did not object to, was in all respects the right response. It was a facially neutral response that simply directed the jurors that the court cannot further define it more than it's actually defined in the Illinois pattern jury instructions. He said, I cannot further define it. Please continue to deliberate. In other words, the court was telling the jury, I cannot define it further than what you already have. Please continue deliberating on those instructions. The jury then went back to deliberate and came to a conclusion. There's no way that we can even find prejudice in here without simply speculating, and under the decisions of McDonnell and McLaren, that's not a proper form of reviewing this type of question. Well, I don't know how we're speculating when the committee notes are not being followed, the jury says that they're confused, and the judge sends them back to deliberate. Your Honor, that doesn't show that all of a sudden they became unconfused. Well, Your Honor, the fact that the jury came to a conclusion that the trial court, when the issue was first raised in the post-trial motion, found to be the correct conclusion, and again, if we're looking at the facts, it appears to be, I mean, we're not doing a factual analysis here of the defense original claim was the weight of the evidence, and the weight of the evidence substantially supports the jury's finding, there really is no, the simple fact that they stated initially that they were confused, and the court said, well, continue deliberating, you might come to the right answer, then yes, we could speculate whether or not that confusion remained, but again, it can't be a source of error when it's based solely on speculation, not in the facts of this case where the defendant's attorney was present at the time and could have objected. Your Honor, so for the reasons stated today and the reasons stated in our brief, we respectfully ask that this court affirm the trial court's summary dismissal of the defendant's post-conviction petition. Okay. Rebuttal. Thank you, Your Honor. I do want to note that the defendant did, in fact, in his opening brief, address this as first prong error, page 24 through 29. As well, I would like to quote McLaren, the case that went against the defendant. This is a direct quote, and I apologize, I do not have the site. Although defendant argues he could have given input into the trial court's answer to the jury notes, it is significant that he does not argue that the substance of any of the responses was improper. So McLaren does place a very strong emphasis on what the court's response was, not only the lack of presence with the court's responses. This case is immediately distinguishable from McLaren. McLaren, the defendant, does indeed challenge the court's response. It's the very heart of his argument. Finally, I would like to, I believe from the tenor of this court's questions, Your Honors, may consider this a post-conviction petition, but I do really want to stress the language of paragraph 31 of the original decision. Since a defendant has the right to file a direct appeal from sentences entered on conviction, defendant may file a direct appeal after the entry of the new sentencing order, if he so chooses. And then one sentence down imprints from People v. Lopez, final judgment in a criminal case is not entered until the imposition of the sentence. The final judgment in a criminal case is the sentence. Now, this case, after post-conviction, was remanded for resentencing, and final sentence was imposed, and then he filed his motion for a new trial. I believe even if Illinois has not yet adopted the rule that the final judgment is the sentence, I think law of the case, the clear language of paragraph 31, indicates that in this case the defendant followed the prescription that the court offered, and therefore this case should be considered as direct appeal. Thank you, Your Honor. All right. Well, you guys have given us a very interesting case, done a very good job, and we'll take this case under advisory. Thank you, Your Honor. Thank you, counsel. The court will be adjourned.